IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **COLT A. HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:26-cv-03106-MDH** |
| | ) | |
| **TANEY COUNTY SHERIFF'S OFFICE, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court are Defendants Socorro McManis, Robert Rivera, and Mark Shinn's ("Deputy Defendants") Motion to Dismiss Party for Improper Service (Doc. 11) and Defendant Taney County Sheriff's Office's Motion to Dismiss for Failure to State a Claim. (Doc. 13). Defendants have filed Suggestions in Support (Docs. 12 & 14). Plaintiff, acting pro se, did not file Reply Suggestions. On June 25, 2026, this Court entered an order giving Plaintiff an extra fourteen (14) days to file responses to the motions. Plaintiff still did not do so, and this extension has expired. The motions are now ripe for adjudication on the merits, and the Court rules without the benefit of Plaintiff's input. For the reasons stated herein, Deputy Defendants' Joint Motion to Dismiss for Improper Service is **GRANTED** and Defendant Taney County Sheriff's Office's Motion to Dismiss for Failure to State a Claim is **GRANTED**.

## BACKGROUND

This case arises from a traffic stop involving Plaintiff, his wife, and the named Defendants. Plaintiff Colt A. Hicks is a resident of the State of Missouri. Deputy Defendants Shinn, McManis,

and Rivera are all employees of the Taney County Sheriff's Department and are being sued in their individual capacities only.

Plaintiff's Pro Se Complaint (Doc. 3) states that on September 29, 2025, he and his wife were pulled over by Defendant Rivera while on their way home from their wedding. Defendants McManis and Shinn later arrived on scene. Plaintiff contends that Defendant Rivera issued him a citation for an offense Defendant Rivera knew did not occur. Plaintiff also alleges that Defendants ordered him and his wife to exit the vehicle and then performed a canine search without reasonable suspicion or probable cause. Finally, Plaintiff asserts that Defendants' search resulted in significant property damage to the vehicle. Plaintiff brings his Complaint against Defendants pursuant to 42 U.S.C. section 1983, alleging violation of the Fourth Amendment for the search of his vehicle.

## DISCUSSION

### I. Deputy Defendants' Motion to Dismiss Party for Improper Service (Doc. 11)

Deputy Defendants contend that Plaintiff's claims against them in their individual capacities must be dismissed because they have not been properly served. Specifically, they state that Deputy Barker, to whom Plaintiff directed service of process to as to Deputy Defendants, is not designated to accept service on behalf of the individual Defendants. Further, Deputy Defendants state that there is no evidence that they ever appointed Deputy Barker to accept service on their behalf. Plaintiff failed to file a response to Defendants' motion.

Federal Rule of Civil Procedure 12(b)(5) allows for a pre-answer motion to dismiss for insufficient service of process. "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993); *see also Dodco, Inc. v. American Bonding Co.*, 7 F.3d 1387 (8th Cir. 1993); *Sieg*

*v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). Once a plausible challenge to the sufficiency of service of process is made, the plaintiff bears the ultimate burden to make a prima facie showing that service was valid under governing law. *Cheeks v. Belmar*, 331 F.R.D. 499, 504 (E.D. Mo. 2019). A pro se litigant must still comply with court rules and procedures. *Jackson v. Yellen*, 744 F. Supp. 3d 905, 909 (W.D. Mo. 2024) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Federal Rule of Civil Procedure 4(e) establishes the means by which individuals, like Deputy Defendants, can be served. It states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The Court agrees with Deputy Defendants and finds that service was improper as to Defendants McManis, Rivera, and Shinn. Plaintiff has not demonstrated that he served any of the Deputy Defendants personally, nor that he left a copy of the summons and complaint at their residences with someone of suitable age and discretion. Plaintiff's Returns of Service show that service to Defendants McManis, Rivera, and Shinn was instructed to be served at "266 Main St.,

Forsyth, MO 65653." (Docs. 7, 8, & 9). That address corresponds to the street address of Defendant Taney County Sheriff's Office. That is not the residential address for any of the Deputy Defendants. Further, Plaintiff has not shown that Deputy Barker, who received service for the three Deputy Defendants, was authorized to do so as an appointed agent or by law. Plaintiff has failed to carry his burden to show that Deputy Defendants were properly served in this case. Thus, the Court finds that Defendants McManis, Rivera, and Shinn's Motion to Dismiss Party for Improper Service should be **GRANTED**. Defendants McManis, Rivera, and Shinn are hereby **DISMISSED** from the case without prejudice.

## II. Defendant Taney County Sheriff's Office's Motion to Dismiss for Failure to State a Claim (Doc. 13)

Plaintiff contends that the officers' allegedly illegal search of his vehicle was the result of "a pattern, practice, or custom within the Taney County Sheriff's Office." (Doc. 3, p. 5). To hold a government entity liable under 42 U.S.C. section 1983 for a constitutional violation, the violation must have "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (citing *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (internal quotations omitted). To allege that a governmental entity maintained an unconstitutional unofficial custom, "a complaint must set forth factual allegations plausibly suggesting (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the [governmental entity's] employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) an injury by acts pursuant to the [governmental entity's] custom." *Woods v. City of St. Louis*,

2025 WL 2096679, at *4 (citing *Watkins v. City of St. Louis*, 102 F.4th 947, 954 (8th Cir. 2017) (internal quotation marks omitted); *Mitchell v. Kirchmeier*, 28 F.4th 888, 899 (2022).

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint does not make any allegations specifically pertaining to any action, policy, or custom by Defendant Taney County Sheriff's Office. It merely makes one conclusory statement that Plaintiff believes the Defendant Deputies' conduct is "reflective of a pattern, practice, or custom" maintained by Defendant Taney County Sheriff's Office. Plaintiff has failed to raise a right to relief above a speculative level. Therefore, Plaintiff's allegations against Defendant Taney County Sheriff's Office fall short of the pleading standard set by *Iqbal*, even considering the liberal pleading standard afforded to pro se plaintiffs. *See Barnett v. Short*, 129 F.4th 534, 539 (8th Cir. 2025) ("Courts must liberally construe pro se complaints."). For the reasons stated, Defendant Freeman's Motion to Dismiss is **GRANTED**.

## CONCLUSION

For the reasons stated, Defendants McManis, Rivera, and Shinn's Motion to Dismiss Party for Improper Service is **GRANTED**; and Defendant Taney County Sheriff's Office's Motion to Dismiss for Failure to State a Claim is **GRANTED**.

As all the Defendants in Plaintiff's Complaint have been dismissed from the case, the Court hereby **DISMISSES** the action in its entirety without prejudice.

**IT IS SO ORDERED.**

DATED: October 14, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**